IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KERIMARIE SUTHERLAND** § § | |
| **Plaintiff** § § | |
| vs. § | Civil Case No. 3:23-cv-2665 |
| § § | |
| **OTB ACQUISTION LLC** § § § | |
| **Defendant** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, KERIMARIE SUTHERLAND, complaining of, Defendant, OTB ACQUISTION LLC and for cause of action, Plaintiff will show the following:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and Title VII of the Civil Rights Act of 1964 as amended, and the Family Medical Leave Act 29 U.S.C. §2601 et seq. because this case involves a federal question.

### VENUE

2. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state and Defendant's principal office is located at 2201 W Royal Lane, Suite 170, Irving, Texas 75063.

### PARTIES

3. Plaintiff, KERIMARIE SUTHERLAND, is a Texas resident and resides in Denton County, Texas.

4. Defendant, OTB ACQUISITION LLC, is a corporation duly authorized to do business in the State of Texas. Its principal office is located at 2201 W Royal Lane, Suite 170, Irving, Texas 75063. Defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTS

5. Plaintiff worked for Defendant at their Roanoke, Texas location. On or about February 21, 2021, Plaintiff was promoted to Shift Supervisor by her General Manager, Walter Lowe. Mr. Lowe informed Plaintiff that he wanted to move her into a salaried management position as soon as possible. Plaintiff had several detailed discussions with Mr. Lowe regarding the management position. During these discussions, Mr. Lowe explained that the Roanoke store had two managers who were routinely working 80-90 hours per week and the store was understaffed, requiring the hiring of a new manager.

6. After Plaintiff moved into the shift supervisor role and began training for the management role, Plaintiff discovered she was pregnant. Plaintiff informed Mr. Lowe shortly thereafter. After Defendant was informed that Plaintiff was pregnant, she was told the company no longer had the finances to employ a manager. In the midst of this, another supervisor, Julie (Red), continuously cornered Plaintiff pressuring her to step down as supervisor. Plaintiff reported this to Defendant but nothing was done.

7. On August 17, 2021, Plaintiff requested FMLA leave for her upcoming childbirth via Defendant's electronic portal.

8. Shortly after Plaintiff left for FMLA leave, Defendant hired a male in his mid-50s as a full-time manager. This employee quit shortly after being fired and Jordan Walker was promoted to Manager. Mr. Walker had less seniority than Plaintiff, but Plaintiff was not offered the job, even upon returning from leave.

9. Two weeks before Plaintiff was scheduled to give birth, Plaintiff was put on early maternity leave due to stress induced early labor. Plaintiff asked HR (specifically Avery Barret) how to file for leave under the Family Medical Leave Act. ("FMLA").

10. Plaintiff was sent a Leave of Absence form via email, which she filled out and asked if there was anything else she needed to do. Plaintiff never received a response from the Defendant and as she had never had to file for FMLA, had no idea what her rights or what she should have requested or been informed of.

11. Days before Plaintiff was scheduled to return to work, Plaintiff was informed by Walter Lowe, Plaintiff's General Manager, that she had been terminated and she had to be rehired. Plaintiff reached out to HR to correct the issue, but HR failed to reinstate her as a manager or a manager in training.

12. Plaintiff was rehired as a server, losing her job as a supervisor, and not reinstated into the manager in training program.

13. Upon returning, Plaintiff asked for a private place to pump breast milk and was told she had to do that in her car. When she would pump, she would be constantly asked by her manager why she was taking so long, and asked why she had to pump so frequently.

14. After Plaintiff returned from FMLA leave, on January 9, 2023. Plaintiff asked if she missed any new policy updates that she needed to know before starting to work. Plaintiff was informed there were no new policies.

15. On or about January 9, 2022, as Plaintiff was closing out, Plaintiff was followed into the back office by Ricardo and Ashley. They entered the office so forcefully that Plaintiff tripped and fell into a chair. Ricardo then presented Plaintiff with a write up for a violation of a new policy.

16. Plaintiff's actions were in compliance with all the old policies. The act Defendants' employees were accusing Plaintiff of was performed by every other bartender, but they were not

written up. After the write up was presented to Plaintiff, the office door was blocked, and Plaintiff was told to sign the write up. Due to the hostile nature of the interaction, Plaintiff was forced to resign.

## **DISCRIMINATION AND RETALIATION UNDER TITLE VII**

17. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely sex (pregnancy).

18. Defendant is an employer within the meaning of title VII, is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

19. The actions of Defendant within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of their employment.

20. Defendant intentionally discriminated against Plaintiff because of her sex (pregnancy) in violation of Title VII by wrongfully terminating her due to her sex (pregnancy).

21. Defendant created a hostile work environment for Plaintiff because of Plaintiff's sex (pregnancy). This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and created an intimidating and hostile work environment. Plaintiff was told to pump breast milk in her car, and was harassed for taking too long by her manager when she would go to her car to pump breast milk.

## **FMLA VIOLATIONS**

22. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

23. Plaintiff was an eligible employee within the meaning of FMLA. Plaintiff was employed by Defendant for at least 12 months and for at least 1250 hours of service during the preceding 12-month period.

24. Defendant is an employer within the meaning of the FMLA, is engaged in commerce of in an industry or activity affecting commerce, and employs 50 or more employees of reach working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

25. Plaintiff was entitled to 12 work weeks of leave because of the birth of a child and the need to care for that child.

26. Defendant intentionally interfered with rights provided under the FMLA by refusing to restore Plaintiff to the Position held before leave.

## DAMAGES

23. As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to back pay, front pay, past and future mental anguish, and attorney's fees.  Plaintiff is also entitled to exemplary damage because of the nature of Defendant's conduct.

## ATTORNEY'S FEES

24. Plaintiff has been forced to obtain counsel to represent her in this matter.  Plaintiff is entitled to reasonable attorney's fees pursuant to Title VII and the FMLA.

## CONDITIONS PRECEDENT

25. All conditions precedent to the bringing of the present litigation, such as the filing of an EEOC complaint and a notice of right to sue letter being obtained, have occurred or have been performed.  Attached as Exhibit A is the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

## COURSE AND SCOPE

26. The actions of Defendant described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## JURY DEMAND

27. Plaintiff demands a trial by jury of all claims asserted in this Complaint.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that she be awarded punitive damages, exemplary damages, attorney's fees, pre- and post-judgment interest, and all other relief to which he is entitled.

Respectfully submitted,

WALTERS LAW OFFICE, PLLC

*/s/ Jonathan J. Walters*
Jonathan J. "Jack" Walters
State Bar No. 24096307

3113 S. University Drive, #400
Fort Worth, Texas 76109
(682) 747-6800
(682) 747-6899 facsimile
jack@walterslawofficepllc.com

ATTORNEY FOR PLAINTIFF