**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KERIMARIE SUTHERLAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:23-CV-2665** |
| | § | |
| **OTB ACQUISITION LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant OTB Acquisition, LLC d/b/a On the Border ("Defendant") submits the following Answer to the Original Complaint (Dkt. #1) of Plaintiff Kerimarie Sutherland ("Plaintiff") subject to the Joint Motion to Compel Arbitration and Stay Proceedings as follows:

## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

The allegations in Plaintiff's Original Complaint ("Complaint") are hereinafter answered, subject to the Joint Motion to Compel Arbitration and Stay Proceedings, by the correspondingly numbered paragraphs below.

## JURISDICTION

1. Defendant admits that this Court has jurisdiction as alleged in Paragraph 1 of the Complaint but denies it violated any federal laws.

## VENUE

2. Regarding the allegations in Paragraph 2, Defendant admits that Plaintiff purports to bring claims under 42 U.S.C. §2000e-5(f)(3), but denies any wrongdoing with respect to Plaintiff or her employment and denies that Plaintiff is entitled to any of the relief requested in this

Complaint. Defendant admits that its principal office is located at 2201 W Royal Lane, Suite 170, Irving, Texas 75063.

## PARTIES

3. Defendant is without sufficient knowledge to admit or deny the allegations stated in Paragraph 3 of the Complaint and therefore denies these allegations.

4. Defendant denies that it is a corporation as alleged in Paragraph 4 of the Complaint. Defendant admits the remaining allegations in Paragraph 4 of the Complaint.

## FACTS

5. Defendant admits that Plaintiff worked at its Roanoke, Texas location. Defendant admits that on or about February 21, 2021, Plaintiff was promoted to Shift Supervisor by her General Manager, Walter Lowe. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 5 of the Complaint and therefore denies these allegations.

6. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies these allegations.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that on August 17, 2021, it received notification that Plaintiff would be on maternity leave beginning August 13, 2021. Defendant admits that the last day Plaintiff worked before going on maternity leave is August 13, 2021. Defendant is without sufficient information to admit or deny the allegations related to Plaintiff going on maternity leave due to stress induced early labor. Defendant admits that on August 17, 2021, Plaintiff emailed Avery Barrett regarding the FMLA process, but denies that that Avery Barrett handles FMLA leave.

10. Defendant admits that Plaintiff submitted a Leave of Absence form via email on August 17, 2021, but is without sufficient information to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies these allegations.

11. Defendant admits that its payroll system automatically terminated Plaintiff on September 16, 2021, and that she had to be rehired upon return from her leave of absence. Defendant admits that in November 2021, Plaintiff called and left a voicemail for HR regarding her termination, and that she was not reinstated as a manager or manager in training as Plaintiff did not work in either of these positions before her leave of absence or termination. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff was rehired as a Server and Bartender. Defendant admits that Plaintiff was not reinstated into a manager in training program, as she was not in such a program before her leave of absence or termination. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff asked for a private place to pump breast milk and that Defendant accommodated Plaintiff. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies these allegations.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

## DISCRIMINATION AND RETALIATION UNDER TITLE VII

17. Defendant admits the allegations in Paragraph 17 of the Complaint, but denies it violated Title VII or any other federal laws.

18. Defendant admits the allegations in Paragraph 18 of the Complaint, but denies that it violated Title VII or any other federal laws.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

**FMLA VIOLATIONS**

22. Defendant states that Paragraph 22 of the Complaint re-alleges Plaintiff's allegations in the preceding paragraphs and does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint, but denies that it violated the FMLA or any other federal laws.

24. Defendant admits the allegations in Paragraph 24 of the Complaint, but denies that it violated the FMLA or any other federal laws.

25. Defendant admits the allegations in Paragraph 25 of the Complaint, but denies that it violated the FMLA or any other federal laws.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

**DAMAGES**

27. [Incorrectly numbered as a second Paragraph 23 in the Complaint.] Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 27[1] of the Complaint. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

---

[1] This paragraph is incorrectly numbered as the second Paragraph 23. Thus, Defendant refers to this paragraph as Paragraph 27.

## ATTORNEY'S FEES

28. [Incorrectly numbered as a second Paragraph 24 in the Complaint.] Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 28[2] of the Complaint. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

## CONDITIONS PRECEDENT

29. [Incorrectly numbered as a second Paragraph 25 in the Complaint.] Defendant denies that Plaintiff performed all conditions precedent and exhausted all required administrative remedies under Title VII and the FMLA as alleged in Paragraph 29[3] of the Complaint.

## COURSE AND SCOPE

30. [Incorrectly numbered as a second Paragraph 26 in the Complaint.] Defendant denies the allegations in Paragraph 30[4] of this Complaint.

## JURY TRIAL

31. [Incorrectly numbered as a second Paragraph 27 in the Complaint.] Defendant states that Paragraph 31[5] of the Complaint amounts to a jury demand for which no response is required. To the extent a response is required, Defendant denies.

---

[2] This paragraph is incorrectly numbered as the second Paragraph 24. Thus, Defendant refers to this paragraph as Paragraph 28.

[3] This paragraph is incorrectly numbered as the second Paragraph 25. Thus, Defendant refers to this paragraph as Paragraph 29.

[4] This paragraph s incorrectly numbered as the second Paragraph 26. Thus, Defendant refers to this paragraph as Paragraph 30.

[5] This paragraph is incorrectly numbered as the second Paragraph 27. Thus, Defendant refers to this paragraph as Paragraph 31.

## PRAYER

32. In response to the unnumbered WHEREFORE Paragraph of the Complaint, Defendant states that the allegations constitute a prayer for relief for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations contained therein. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Original Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

33. Unless otherwise expressly admitted herein, Defendant denies the truth of each and every averment set forth in Plaintiff's Original Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which apply to the claims asserted by Plaintiff. By asserting these affirmative defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative. Defendant specifically reserves the right to supplement these pleadings with further applicable defenses as more facts become available. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

3. Defendant pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's sex (pregnancy) or because Plaintiff requested leave, or any other alleged protected status held by Plaintiff. Specifically, the employment actions complained of by Plaintiff were based upon legitimate, non-retaliatory, and non-discriminatory reasons.

4. Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff would have been taken in the absence of the alleged impermissible motivating factor, discriminatory motive, or Plaintiff's pregnancy or request(s) for FMLA leave.

5. Plaintiff's claims are barred because Defendant did not interfere with Plaintiff seeking or exercising her rights under the FMLA.

6. Plaintiff's claims should be dismissed to the extent she failed to provide proper notice of her entitlement to protected leave, failed to provide proper medical certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA.

7. Defendant pleads that Plaintiff's claims for exemplary damages are barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its employees on these policies. Defendant has at all times exercised reasonable care to prevent and correct promptly any alleged retaliatory or discriminatory terms and conditions of employment and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant or to otherwise avoid the harm about which Plaintiff now complains.

8. Defendant pleads that Plaintiff failed to mitigate her alleged damages, in whole or in part, and Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

9. Defendant pleads that Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

10. Defendant pleads that Plaintiff's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations.

11. Defendant pleads that Plaintiff cannot recover punitive damages for any alleged retaliation because any such alleged retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct. At all times, Defendant and its employees and agents acted without malice or reckless indifference to Plaintiff's rights.

12. Defendant pleads that Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine, if applicable.

13. To the extent that Plaintiff previously received compensation for Plaintiff's unpaid wages in connection with, or as a result of, a payment supervised by the Department of Labor, or in connection with any other compromise, settlement, or release agreements, Defendant hereby invokes the doctrine of waiver and res judicata to bar the claims asserted by Plaintiff.

14. Defendant alternatively pleads that to the extent that Plaintiff previously received compensation for Plaintiff's unpaid wages in connection with, or as a result of, a payment supervised by the Department of Labor, or in connection with any other compromise, settlement, or release agreements, Plaintiff's recovery should be offset by all amounts that she previously received.

15. To the extent that any of the individuals alleged to have discriminated or retaliated against Plaintiff engaged in any of the conduct described in Plaintiff's Complaint, Defendant pleads that such actions were outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

16. As a result of Plaintiff's actions herein, Defendant has been required to retain the services of undersigned attorneys and, pursuant to applicable law, to the extent possible, Defendant is entitled to an award of tis reasonable attorneys' fees and for costs incurred in defending this action.

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any other available counterclaims against Plaintiff as those claims become known during this litigation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing of this matter, the Court grant judgment on behalf of Defendant; that Plaintiff takes nothing by the above-captioned action; that Defendant recover all applicable and reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: December 26, 2023

Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
State Bar No. 00797715
cyeager@littler.com
Michaela D. Noble
State Bar No. 24104613
mnoble@littler.com

**Littler Mendelson, P.C.**
2001 Ross Avenue, Suite 1500
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT OTB ACQUISITION, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2023, the foregoing document was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Jonathan J. "Jack" Walters
3113 S. University Drive, #400
Fort Worth, Texas 76109
jack@walterslawofficepllc.com

*Attorney for Plaintiff*

*/s/ Celeste R. Yeager*
Celeste R. Yeager

4868-5748-1880.4 / 119831-1004